UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2014

George R. Brown
12119 Elmwood Drive
Brandywine, MD 20613

Stacey Cole, Esquire
Social Security Administration
Altmeyer Building
6401 Security Blvd Rm 617
Baltimore, MD 21235

RE:   *George R. Brown v. Commissioner, Social Security Administration*;
      Civil No. SAG-12-2401

Dear Mr. Brown and Counsel:

On August 13, 2012, the Plaintiff, George R. Brown, petitioned this Court to review the Social Security Administration's final decision to affirm the cessation of his disability benefits as of October 1, 2002. (ECF No. 1). I have considered the Commissioner's motion for summary judgment. (ECF No. 25). Mr. Brown, who appears *pro se*, has not filed a motion for summary judgment or an opposition to the Commissioner's motion.[1] I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

Mr. Brown received disability insurance benefits for a period beginning in March, 1996. (Tr. 34-36). However, on October 17, 2002, the State Agency reviewed his condition and determined that his condition had improved, warranting cessation of benefits. (Tr. 66-68). Mr. Brown contested the determination, and hearings were held on February 17, 2006 and August 3, 2006, before an Administrative Law Judge ("ALJ"). (Tr. 544-591). On May 12, 2007, the ALJ

---

[1] Mr. Brown was represented by counsel at the time that he filed this petition for review. Prior to the deadline for his summary judgment motion, Mr. Brown's counsel filed a motion to withdraw, because Mr. Brown disagreed with his counsel's recommendation that the appeal be dismissed. (ECF No. 21). An Order granting his Motion for Leave to Withdraw was entered on January 2, 2014. (ECF No. 22). After the Commissioner filed its motion for summary judgment on March 21, 2014, a Rule 12/56 letter was mailed to Mr. Brown on that same date, advising him of the potential consequences of failure to oppose the Commissioner's motion. (ECF Nos. 25, 26). Nevertheless, Mr. Brown has not filed any substantive documents to support his appeal or to oppose the Commissioner's motion.

issued an opinion affirming the cessation of benefits as of January 1, 2005. (Tr. 21-28). Although the Appeals Council upheld that decision, (Tr. 8-10), after Mr. Brown appealed his case to federal court, the Commissioner consented to remand of the case for further administrative proceedings. (Tr. 638-39). An ALJ held a second hearing on January 21, 2011. (Tr. 846-82). Following that hearing, the ALJ issued a second opinion affirming the cessation of benefits as of October 1, 2002. (Tr. 606-19). The Appeals Council denied Mr. Brown's request for review, (Tr. 592-95), so the ALJ's 2011 decision constitutes the final, reviewable decision of the agency.

Mr. Brown has not filed a motion in support of his appeal. I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

An eight-step sequential evaluation governs a determination regarding a claimant's medical improvement. 20 C.F.R. § 404.1594. The ALJ ruled in Mr. Brown's favor at step one, finding that he had not engaged in substantial gainful activity between his disability onset date and October 1, 2002. (Tr. 608). At step two, the ALJ determined that Mr. Brown did not have an impairment or combination of impairments which met or medically equaled any listed impairment. (Tr. 608). The ALJ appropriately considered both Listing 11.02 (epilepsy) and Listing 12.02 (organic mental disorders) in making that determination. (Tr. 608-09). Based on the medical evidence of record, I find no further basis for express evaluation of any additional Listings.

At step three, the ALJ has to determine whether medical improvement has occurred. (Tr. 607). If medical improvement has occurred, then the ALJ proceeds to step four. If it has not occurred, the ALJ proceeds to step five. *Id.* This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.

In Mr. Brown's case, the ALJ determined that medical improvement occurred as of October 1, 2002. (Tr. 609). The ALJ relied on substantial evidence to support that conclusion. Specifically, the ALJ cited: (1) a series of normal neurological and physical examinations; (2) a psychological consultative examination in September, 2002, resulting in findings of weakness in working memory and some difficulty in eye-hand coordination, but the ability to understand and follow simple instructions; (3) Mr. Brown's treatment records prior to and subsequent the date of improvement; and (4) Mr. Brown's activities of daily living, which included completion of college courses, use of a computer, and helping his children with homework. (Tr. 609-15). The

ALJ acknowledged that Mr. Brown had testified to additional impairments.  However, the ALJ determined that Mr. Brown's testimony was less than credible, and supported that determination with specific citations to evidence of record.  (Tr. 613-15).  For example, the ALJ noted that the medical record did not note acute distress, atrophy from inactivity, or the consistent prescription of opiates or other narcotic pain medication as one would expect with significant back pain or headaches.[2]  (Tr. 614).  The ALJ also noted that, at many medical appointments, Mr. Brown did not complain of any back pain, seizures, or headaches.  (Tr. 615).  Finally, the ALJ noted that despite Mr. Brown's testimony that his disabling conditions lasted through the hearing in 2011, he had earnings above the level of substantial gainful employment in 2008, 2009, and 2010.  (Tr. 615).  Accordingly, the ALJ marshaled substantial evidence to support the adverse credibility assessment.

The ALJ also appropriately assigned weight to the various medical sources, including Mr. Brown's treating physician, Dr. Howell.  (Tr. 612).  Although Dr. Howell had opined that Mr. Brown suffered "total disability," the ALJ noted that Dr. Howell's treatment notes regularly reflected normal examinations and no complaints of headaches, back pain, or seizures until November, 2006.  (Tr. 612, 815, 816, 820, 821, 823).  Accordingly, the ALJ's determination that Dr. Howell's opinion should be afforded less than controlling weight is adequately supported.

Once the ALJ made the finding of medical improvement, step four required the ALJ to consider whether the medical improvement is related to the ability to work.  As of October 1, 2002, the ALJ determined that Mr. Brown had the residual functional capacity ("RFC") to:

> perform light exertional activity as defined in 20 CFR 404.1567(b).  He requires a sit/stand option with no more than 15-20 minutes sitting before alternating to standing for 15-20 minutes.  He cannot climb ropes, ladders, or scaffolds.  He can perform other postural movements such as stooping on an occasional basis.  He must avoid sudden or constant motion with his neck.  He must avoid above-shoulder lifting or above-shoulder constant reaching with his upper extremities.  He must avoid work around dangerous machinery or unprotected heights.  He has moderate difficulties in concentration, persistence, or pace, due to the side effects of his medication, resulting in his being limited to performing simple, routine, unskilled tasks.

(Tr. 615).  The ALJ noted that the medical improvement is related to Mr. Brown's ability to work, because the RFC assessment as of October 1, 2002 is less restrictive than the RFC assessment at the time of his disability.  (Tr. 616).

---

[2] While not expressly referenced by the ALJ, I note that the physical therapy records from 2006 reflect a limited rehabilitative therapy program with occasional shortening of appointments to focus on other tasks, such as picking up children from school.   (Tr. 769-807).

At step six, the ALJ determined that Mr. Brown retained a severe impairment, specifically the "residuals of benign neoplasm of brain and seizure disorder."[3] (Tr. 616). The ALJ also considered whether Mr. Brown's other reported impairments, including migraines and musculoskeletal pain, were severe. *Id.* However, the ALJ concluded that the record lacked sufficient evidence of consistent complaints and/or treatment to warrant a finding of severity. *Id.* Nevertheless, the ALJ properly included certain restrictions in the RFC assessment to acknowledge the non-severe impairments, including the sit/stand option, limitations on postural movements, and limitations on neck motion. (Tr. 615).

The ALJ found in Mr. Brown's favor at step seven, determining that he could not perform his past relevant work as a correctional officer in a prison. (Tr. 616-17). However, at step eight, the ALJ considered testimony from a vocational expert ("VE") regarding the ability of a person with Mr. Brown's RFC assessment to perform other work. (Tr. 878-82). The VE testified that a person with Mr. Brown's RFC assessment would be capable of performing the representative jobs of counter clerk, office helper, addresser, charge account clerk, or order clerk. (Tr. 879-80). Based on the VE's testimony, the ALJ concluded that, as of October 1, 2002, Mr. Brown was capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 617-18). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 25) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[3] Step five is skipped where, as here, a finding of medical improvement is made. *See* 20 C.F.R. § 404.1594(f)(5).